### *In re* ENGS' ESTATE.

(*Supreme Court, General Term, Second Department.* July 18, 1890.)

EXECUTORS AND ADMINISTRATORS—REOPENING ACCOUNTS.

An application by the sole beneficiary under the will of a decedent to open the accounts of the executors, so as to enable her to dispute the settlement made by the executors with the former partners of decedent, will be denied where it appears that such settlement was made after full deliberation, with the assent of the petitioner and the surrogate, and no fraud, collusion, or misrepresentation is shown which induced the settlement.

Appeal from surrogate's court, Kings county.

Kate S. Engs, the widow of George Engs, deceased, filed the following petition to reopen certain accounts: "The petition of Kate S. Engs respectfully shows: That your petitioner is the widow and the sole legatee and beneficiary under the will of George Engs, late of the city of Brooklyn, deceased, which will was admitted to probate by the surrogate of Kings county on the 29th day of December, A. D. 1886, and recorded in the office of said surrogate in Liber —— of Wills, at page ——, and upon which letters testamentary were duly issued by said surrogate to Samuel F. Engs, Lewis Hurst, and Edward L. Snyder, the executors in said will named. And your petitioner further shows and alleges that at the time of, and for a long time previous to, the decease of the said George Engs, he, the said George Engs, was a partner of the firm of Phillip W. Engs & Sons, doing business at No. 131 Front street, in the city of New York, and at the time of his decease Samuel F. Engs was his copartner, and at his death the said Samuel F. Engs became the sole surviving partner of the said firm. That the said Samuel F. Engs, the surviving partner of the firm of Phillip W. Engs & Sons, together with Edward L. Snyder and Lewis Hurst, were the executors under the will of the said George Engs, and each and all of them qualified as such executors, and took upon themselves the performance of the duties of their office as such executors. That thereafter, and on or about the 31st day of March, 1888, an account of proceedings of the above-named executors, signed by Samuel F. Engs, executor, solely, was filed in the office of the surrogate of Kings county, and subsequently thereto, and on or about the 2d day of April, A. D. 1888, a final decree and summary statement settling and allowing the said account was made and entered by the said surrogate, which said final decree and summary statement your petitioner begs leave to make a part of this petition, and to refer to the same on the hearing, as she may be advised. That at and after the time of the decease of the said George Engs the said Samuel Engs retained full control and possession of the assets, business, good-will, real estate, book-accounts and all the other property of the said firm of Phillip W. Engs & Sons, and the firm has, with their successors, ever since held and retained the possession of the same. That no full and correct account and balance-sheet, showing the interest of the said George Engs in the assets and business as aforesaid of the said firm of Phillip W. Engs & Sons at the time of his death, to the knowledge of your petitioner, was ever made and stated between the copartners of the said firm, nor to your petitioner. And your petitioner further says that prior to the month of September, A. D. 1887, the said Lewis Hurst, one of the said executors of the said George Engs, brought to and left with your petitioner what purported to be, and what he, the said Hurst, represented to your petitioner to be, a full and correct statement of the said interest of the said George Engs in the assets of the said firm of Phillip W. Engs &

Sons, a copy of which said statement is hereto annexed and made a part of this petition. And your petitioner further says that said statement was grossly false and untrue, and was intended to and did deceive your petitioner, as will hereinafter fully appear. And your petitioner further alleges that at the time of the final interview of the said Lewis Hurst with your petitioner regarding the aforesaid statement, and in reply to a criticism made by your petitioner thereupon, and to a request that the books of account of the said firm of said Phillip W. Engs & Sons should be opened to and examined by an expert accountant in behalf of your petitioner as the widow and sole legatee under the last will and testament of the said George Engs, deceased, so that the correctness of said statement might be established by a disinterested witness, the said Lewis Hurst, both as an executor of said will and as attorney and representing his co-executors, declined and refused petitioner's request, and said that such an examination of the said books of account in her behalf could not be made, and would not be allowed by the said Samuel F. Engs, the sole surviving partner of the said firm, and the co-executor, with the said Lewis Hurst, under the will of the said George Engs. That, besides acting as attorney for said executors, said Hurst acted throughout said proceedings as the attorney and legal adviser of your petitioner. That the aforesaid statement was presented to your petitioner by the said executors as a basis for the settlement of her interest in the estate of George Engs as a final statement on their part, and with a representation on the part of the said executors that no change would be made therein by them. That the said statement was false and fraudulent in that it represented that the value of the estate of the said George Engs and his interest in the assets and business of the said firm of Phillip W. Engs & Sons amounted only to the sum of $107,844.55, whereas in truth and in fact the interest and the estate of the said George Engs was of the true value of over $156,087.02; and that such false and fraudulent representations were made by the said executors with intent to cheat and defraud your petitioner, the sole legatee under the said will of the said George Engs. That your petitioner relied upon the apparent truth of the said representations so made to her as aforesaid, and was deceived thereby, and was induced to and did accept the said statement as being a true and correct statement of her interest in said estate, being compelled thereto by the representations as aforesaid, and by the threats of the said executors that, unless she did so accept the same, the settlement of the said estate would be further attended to her with great trouble, disturbance, delay, and expense; and so induced, relying, and deceived, she did accept the said statement as true, and did consent to the entry of the order of the surrogate of Kings county made and entered on the 28th day of October, 1887, or made no opposition to the entry thereof, and did thereafter, on or about the 4th day of November, 1887, execute a release and discharge of the said executors and the said surviving partners from all claims, etc., which she had against the said firm or against the said executors by reason of any cause arising in these premises, and did consent to the decree entered therein on the 2d day of April, 1888, to which order and release and decree your petitioner begs to refer, if she be so advised on the hearing before the court; whereas in truth and in fact the said executors and surviving partners, well knowing the falsity and deception of their representations, made the same to your petitioner as aforesaid, with intent to obtain from her the said release and her said consent to said order and decree, and did cheat and defraud her thereby. That thereafter, and on or about the 2d day of April, 1888, said decree was entered in this court, finally settling and allowing the accounts of the said executors, by the consent of your petitioner, and which consent was given while she was under the influence and persuasion and as a part of the same false and fraudulent representations made to her as aforesaid. That your petitioner was ignorant of the true value of the interest of said George Engs in the assets and

property of said Phillip W. Engs & Sons, and believed the representations of said executors, as made in said statement and otherwise, to be true and correct; nor did the petitioner learn anything to the contrary until within the past three weeks, when the books of said firm were examined by an expert accountant, appointed in other legal proceedings pending in the surrogate's court of Queens county, on which examination your petitioner was informed, and then for the first time learned, that the value of the interest of said George Engs in the assets of said firm was $156,087.02, and not $107,844.55, as represented in the statement of said executors hereinbefore referred to. Wherefore your petitioner prays that the said order, release, and decree may be opened, inquired into, vacated, and set aside; that the said Lewis Hurst and Edward L. Snyder, the surviving executors of the said George Engs, deceased, and Arthur Hurst and Edward L. Snyder, as the executors of the said Samuel F. Engs, deceased, may be cited to show cause before your honorable court why the said order, release, and decree should not be opened and vacated and set aside, and why the said accounts should not be corrected, and the sum found due therein to your petitioner be paid to her, and for such other and further relief as may be just."

Argued before DYKMAN and PRATT, JJ.

*Edward B. Merrill,* for appellant. *Arthur Hurst,* for respondent.

DYKMAN, J. This is an appeal from an order of the surrogate of Kings county denying an application of Kate S. Engs, the widow of the deceased, to open the accounts of the deceased to enable her to dispute and litigate the settlement made by the executors of her husband with his former partners. Such settlement was made after full deliberation with the assent of the petitioner and the surrogate, and no fraud or collusion or misrepresentation is shown which induced such settlement. There is no merit in the appeal, and the order should be affirmed, with costs.